IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CHRISTOPHER ROBINSON DEMARIO ROBINSON, QUINTIN ROBINSON, Plaintiffs | § § § § § | |
| VS. | § § § | NO. 2:21-cv-261 (JURY) |
| ORBIT EXPRESS, INC., & AKASHDEEP SINGH DHALIWAL Defendants | § § § | |

## COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW CHRISTOPHER ROBINSON, DEMARIO ROBINSON AND QUINTIN ROBINSON, Plaintiffs, and file their Complaint complaining of ORBIT EXPRESS, INC. and AKASHDEEP SINGH DHALIWAL, Defendants, and in support would respectfully show the Court the following:

### Parties

1. Plaintiff, Christopher Robinson, is a resident of the State of Texas.

2. Plaintiff, DeMario Robinson, is a resident of the State of Minnesota.

3. Plaintiff, Quintin Robinson, is a resident of the State of Oregon.

4. Defendant, Orbit Express, Inc. ("Orbit"), is a foreign for-profit corporation with its principal place of business located at 28 Cape Dorset Cres, Brampton, Ontario, Canada L6R 3L2. Orbit is incorporated in Ontario, Canada. Orbit may be served with process by serving any officer of Orbit, Inc. at its principal place of business 28 Cape Dorset Cres, Brampton, Ontario, Canada L6R 3L2  In addition, Orbit may be served with process by serving its Agent for Service, Jeffrey Fultz, All American Agents of Process, 1221 McKinney Suite 4300, Houston,

Texas 77010.  At the time of the occurrence, Orbit was a motor carrier within the meaning of and subject to the Federal Motor Carrier Safety Administration Act ("FMCSA").

5. Defendant, Akashdeep Singh Dhaliwal ("Dhaliwal"), an individual, resides at 98 Sleightholme Cresent, Brampton, Ontario, Canada L6P 3E6 and may be served with personal service at this address or in any manner permitted by the Federal Rules of Civil Procedure.  In addition, Dhaliwal may be served with process by serving the Texas Secretary of State pursuant to Tex. Civ. Prac. & Rem. Code § 17.044 (b) because Dhaliwal conducted business within Texas but did not designate a registered agent for service of process in Texas nor maintain a regular place of business in Texas, and because this cause of action arose directly out of Dhaliwal's business conducted in Texas.  In addition, Dhaliwal may be served process by serving the chairman of the Texas Transportation Commission pursuant to Tex. Civ. Prac. & Rem. Code § 17.062 (a) because Dhaliwal was/is not a resident of Texas and this cause of action arose out of a collision in which Dhaliwal was involved while operating a motor vehicle on a Texas public highway.

## Jurisdiction and Venue

6. This court has jurisdiction over the subject matter of this civil action because the amount in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332, and all Plaintiffs and all Defendants are residents and citizens of different states and/or countries.

7. This court has personal jurisdiction over each Defendant because the Defendants were conducting business in the State of Texas at the time of the wreck that gave rise to this lawsuit.  Tex. Civ. Prac. & Rem. Code § 17.042.

8. This court has venue because the wreck giving rise to this cause of action and the resulting death of Gary D. Robinson, occurred on U.S. Highway 59 in Panola County, Texas and

in the Eastern District of Texas.  At that time, Gary D. Robinson resided in Carthage, Panola County, Texas.

### Facts

9. On December 11, 2020, at approximately 4:30 a.m., the Plaintiffs' father, Gary Dwyane Robinson, drove his car, a 2014 Volkswagen Passat, southward along U.S. Highway 59 in Panola County, Texas.  He drove at a lawful speed in the right hand lane of the highway.

10. At the same time, Defendant Dhaliwal drove a tractor-trailer leased to and operated by Orbit Express, Inc. southward along U.S. Highway 59 in Panola County.  A ride-along driver named Karanbir Singh Gill accompanied Dhaliwal as a passenger in the tractor.  For approximately 10 seconds before the wreck occurred, Defendant Dhaliwal drove the Orbit tractor-trailer at a speed of 70 miles per hour in the right-hand lane of the highway, directly behind Gary Robinson.

11. As Defendant Dhaliwal proceeded southward on Highway 59, he apparently failed to see Gary Robinson's vehicle in the right-hand lane, directly in front of the Orbit tractor-trailer.  The Orbit tractor-trailer quickly gained ground on Gary Robinson's vehicle and without ever braking or without taking any evasive action, the Orbit tractor-trailer driven by Defendant Dhaliwal crashed directly into the back of Gary Robinson's car.

12. Upon impact, the Orbit tractor-trailer was traveling at a speed of 70 mph according to the dash-cam video retrieved from the Orbit tractor.  The Orbit tractor-trailer pushed Gary Robinson's vehicle across the left-hand lane of southbound US Highway 59, then across the entire grass median separating the north and southbound lanes of U.S. Highway 59, then fully across the northbound lanes of U.S. Highway 59, and then into a grass embankment on the far side of U.S. Highway 59 where the Orbit tractor-trailer crushed Gary Robinson's vehicle.

### COUNT 1 – NEGLIGENCE OF DEFENDANT DHALIWAL

13. At all times pertinent to this lawsuit, Dhaliwal was in the course and scope of his employment or agency relationship with Defendant Orbit Express, Inc.  Plaintiffs invoke the doctrine of *Respondeat Superior*.  In addition, because Dhaliwal drove the Orbit Express, Inc. tractor-trailer, he was a statutory employee of Orbit Express, Inc.

14. The collision giving rise to this cause of action occurred as a proximate result of the negligence of Defendant Dhaliwal in the following particulars, including but not limited to:

    a) failure to keep a proper lookout;

    b) failure to control the speed of the tractor-trailer

    c) failure to apply brakes

    d) failure to take evasive action

    e) failure to maintain an assured clear distance between the Orbit vehicle and the Robinson vehicle.

## COUNT 2 – NEGLIGENCE OF DEFENDANT ORBIT EXPRESS, INC.

15. Orbit Express, Inc. is vicariously liable for each of the acts of negligence committed by its agent and/or employee and/or statutory employee, Defendant Dhaliwal, in his ordinary course and scope of employment.

16. In addition, the collision giving rise to this cause of action occurred as a proximate result of the negligence of Defendant, Orbit Express, Inc., in the following particulars, including but not limited to:

    a) failure to adequately perform a background check on Dhaliwal

    b) failure to properly evaluate Dhaliwal as to his driving capabilities

    c) failure to properly train Dhaliwal

    d) failure to properly monitor and supervise Dhaliwal

    e) failure to ensure that Dhaliwal and his ride-along driver, Karanbir Singh Gill,

properly shared driving duties

f) failure to ensure Dhaliwal's ride-along driver, Karanbir Singh Gill, was properly trained and had sufficient experience so that he could assist Dhaliwal in his driving duties

g) failure to ensure Dhaliwal engaged in an adequate driving test monitored by Orbit Express, Inc. officials

h) failure to monitor Dhaliwal's and his ride-along driver, Karanbir Singh Gill's electronic logs in order to ensure he did not drive excess hours which would lead to sleep deprivation and the risk for falling asleep while driving.

## COUNT 3 – GROSS NEGLIGENCE

17. The death of Gary Robinson resulted from the Defendants' gross negligence, which entitles the Plaintiffs to exemplary damages. TEX. CIV. PR. & REM. CODE. § 41.003(a)(3);

18. Defendant, Orbit Express, Inc., knew of the extreme degree of risk involved to the motoring public when it chose to conduct its business in the manner specifically described in paragraph 16, a-h. Despite Orbit's actual knowledge of the extreme risk to the motoring public posed by acting in the manner described, Orbit authorized Dhaliwal to act on Orbit's behalf and in doing so, consciously disregarded the extreme risks to the motoring public posed by Orbit's acts and/or omissions.

19. Defendant, Dhaliwal, knew of the extreme degree of risk involved to the motoring public of driving in a fatigued state on a long-haul trip. Despite this actual knowledge, Dhaliwal chose to drive in a fatigued state, even though he had a ride-along driver who could have assisted him and even though Dhaliwal knew he could have stopped to rest. In doing so, Dhaliwal consciously disregarded the extreme risk to the motoring public posed by his driving while

fatigued.

### DAMAGES

20. As a direct and proximate result of the previously described negligence of the Defendants, the Plaintiffs' father, Gary D. Robinson, suffered severe injuries to his body that resulted in his death.

21. All three (3) Plaintiffs, who are statutory beneficiaries of Gary D. Robinson, bring this action under the Texas Wrongful Death Statutes. TEX. CIV. PR. & REM. CODE, Ch. 71.

22. Each Plaintiff has suffered tremendous damage as the result of the wrongful death of his father. These damages include the usual and customary elements for the recovery for the wrongful death of an individual as provided by Texas law.

23. Each Plaintiff has suffered damages in excess $75,000.

24. In addition to the recovery of damages, the Plaintiffs seek pre-judgment and post-judgment interest as allowed by law.

25. The Plaintiffs will further demonstrate that they are entitled to exemplary damages pursuant to § 71.009 and § 41.003(a)(3), TEX. CIV. PR. & REM. CODE, and because both Orbit and Dhaliwal were guilty of gross negligence. As explained, Dhaliwal drove his vehicle in a manner that grossly endangered other motorists upon a public roadway with virtually no regard for the consequences of his actions and the resulting endangerment to the other motorists. Orbit failed to properly vet and screen Dhaliwal in the hiring process and Orbit hired Dhaliwal, a very inexperienced operator, then placed him in a commercial motor vehicle without proper instruction and training and on a long-haul route with an even less experienced ride-along driver who was not capable of adequately assisting Dhaliwal in his driving duties. Orbit placed Dhaliwal into an extremely dangerous scenario that resulted in the wreck and death that gave rise to this cause of action. Orbit knew that Dhaliwal and his ride-along driver lacked the experience

and training to safely manage the long-haul trip across the entire continental United States, and Orbit consciously disregarded the risks posed by its own acts and/or omissions.

## REQUEST FOR JURY TRIAL

26. Plaintiffs request a trial by a jury of their peers.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs, DeMario Robinson, Quintin Robinson and Christopher Robinson, pray that the Defendants be cited to appear and answer, and that on final trial, Plaintiffs recover judgment against the Defendants for the damages, actual and exemplary, interest, costs and for such other and further relief to which Plaintiffs may be justly entitled, general and special, at law and in equity.

Respectfully submitted,

Jeremy S. Ament, Attorney for Plaintiff
10685-B Hazelhurst Drive # 16394
Houston, Texas 77043
(479) 439-7370
(479) 208-6156 – fax
jeremyament@theamentlawfirm.com
State Bar No. 24076240

&

John S. Ament, Attorney for Plaintiff
108 Ridgewood Circle
Atlanta, Texas 75551
johnament@hotmail.com
(903) 721-2371
(903) 663-4311 – fax
State Bar No. 01145000

By:/s/ Jeremy S. Ament
Jeremy S. Ament
State Bar No. 24076240
*Attorney for Plaintiffs, Robinsons*